

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEMOND WAYNE SCOTT,

    Petitioner,

v.                                        Civil Action No. 3:14CV134

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Demond Wayne Scott, a Virginia state prisoner proceeding with counsel, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his October 3, 2008 probation revocation. Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Scott has not responded. The matter is ripe for disposition.

**I.    PROCEDURAL HISTORY**

**A.    State Proceedings[1]**

In 2000, the Circuit Court of the County of Lancaster, Virginia ("Circuit Court") convicted Scott of possession with the intent to distribute crack cocaine and felony obstruction of justice and sentenced Scott to thirty years in prison, with

---

[1] The Court notes that Scott provides an incomplete and misleading chronology of the state court proceedings. Accordingly, the Court relies solely on the state court records forwarded to the Court by each tribunal.

twenty-four years suspended. Commonwealth v. Scott, No. CR99000286 & CR99000287, at 1-3 (Va. Cir. Ct. Apr. 17, 2000). As explained below, Scott thereafter repeatedly violated the terms of his probation leading to three revocations of his probation.

After his release from incarceration, on October 27, 2006, the Circuit Court found Scott in violation of the terms of probation and revoked twelve months of his previously suspended sentence, requiring that he serve only six months in prison. Commonwealth v. Scott, No. CR99000286-01 & CR99000287-01, at 1-3 (Va. Cir. Ct. Dec. 8, 2006). On April 25, 2008, the Circuit Court again found Scott in violation of the terms of his probation, revoked five years of the previously suspended sentence, but re-suspended the five-year sentence, conditioned on, inter alia, the completion of the Detention Center Program. Commonwealth v. Scott, No. CR99000286-02 & CR99000287-02, at 1-3 (Va. Cir. Ct. entered June 13, 2008). A mere three months later, on July 29, 2008, Scott's probation officer notified the Circuit Court that Scott had violated the terms of his probation because he was removed from the detention program for engaging in battery upon another detainee. See Letter from Michael D. Greene, Probation and Parole Officer, to C. Jeffers Schmidt, Jr., Lancaster Commonwealth Attorney, Attachment 2, at 1-2, Commonwealth v. Scott, No. CR99000286-02 & CR99000287-03 (Va.

Cir. Ct. filed Aug. 1, 2008). On October 3, 2008, the Circuit Court found Scott in violation of the terms of his probation, revoked all of his previously suspended sentence, and ordered him to serve the remaining twenty years and six months of imprisonment. Commonwealth v. Scott, No. CR99000286-03 & CR99000287-03, at 1-3 (Va. Cir. Ct. entered Nov. 5, 2008).[2]

Scott appealed. On April 30, 2010, the Supreme Court of Virginia refused his petition for appeal. Scott v. Commonwealth, No. 092167, at 1 (Va. Apr. 30, 2010).

On April 29, 2011, Scott filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus at 16, Scott v. Pearson, No. CL11000040 (Va. Cir. Ct. filed Apr. 29, 2011). On August 5, 2011, the Circuit Court dismissed the petition as untimely filed. Scott v. Pearson, No. CL11000040, at 1-2 (Va. Cir. Ct. Aug. 5, 2011). Scott filed no appeal of this decision.

B.  **Federal Habeas Petition**

On February 27, 2014, Scott, by counsel, filed his § 2254 Petition in this Court. (§ 2254 Pet. 15, ECF No. 1.) In his § 2254 Petition, Scott contends:

---

[2] The Circuit Court explained that the "original sentence was fair for the crime[. Defendant] has had numerous opportunities and programs to avoid sentence & will not or cannot take advantage." Sentencing Revocation Report at 2, Commonwealth v. Scott, No. CR99000286-03 & CR99000287-03, at 1-3 (Va. Cir. Ct. entered Oct. 3, 2008).

3

Claim One: The Circuit Court's imposition of the previously suspended twenty-three-year and six month sentence violates the Eighth Amendment.[3]

Claim Two: "VA Code § 19.1-298.01 is rendered unreasonable, arbitrary and capricious in violation of substantive due process[4] by the inclusion of a subsection F barring redress to Mr. Scott for blatant disregard of subsection A requirements." (§ 2254 Pet. 8.)[5]

Claim Three: "Mr. Scott's prerogatives were materially impaired by ineffective assistance of counsel[6] at trial and sentencing." (Id. at 9.) Counsel should have moved for a continuance when he realized that a substitute judge would be presiding over the revocation hearing.

Claim Four: Counsel rendered ineffective assistance by failing to pursue an appeal of the Circuit Court's denial of his habeas petition.

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[5] Scott confusingly frames Claim Two as due process challenges to state sentencing law, but at its core, Scott contends that the Circuit Court abused its discretion in sentencing Scott to his remaining suspended sentence. (See § 2254 Pet. 8.)

[6] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

4

## II. ANALYSIS

### A. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Scott's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Scott's judgment became final on Thursday, July 29, 2010, when the time to file a petition for a writ of certiorari expired. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); see Sup. Ct. R. 13(1) (requiring a petition for certiorari to be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review). Scott, therefore, had one year, or until Friday, July 29, 2011, to file a federal habeas petition.

### C. No Entitlement To Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules

6

and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. (footnote omitted) (citing cases). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (citation omitted) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)").

Scott filed his state habeas petition on April 29, 2011. Nevertheless, because the Circuit Court dismissed Scott's habeas petition as untimely under Va. Code Ann. § 8.01-654(A)(2),[7] see Scott v. Pearson, No. CL11000040, at 1-2 (Va. Cir. Ct. Aug. 5, 2011), Scott's habeas petition was not properly filed and fails to toll the limitation period. See Pace, 544 U.S. at 417.[8]

---

[7] The Circuit Court's opinion contains a clerical error and cites section 8.01-654(B)(2) of the Virginia Code which proscribes successive habeas petitions. The Circuit Court clearly intended to cite section 8.01-654(A)(2) of the Virginia Code which provides, in relevant part, that "[a] petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code Ann. § 8.01-654(A)(2). In dismissing the opinion the Circuit Court stated: "Because the petition challenges a probation revocation rather than a criminal conviction and sentence, the statute of limitations expired on October 3, 2009, more than a year prior to the filing of the present action." Scott v. Pearson, No. CL11000040, at 1-2 (Va. Cir. Ct. Aug. 5, 2011).

[8] "The limitation period for habeas corpus petitions challenging revocation proceedings is one year after the cause

Thus, the limitation period ran from Friday, July 30, 2010, the date his revocation became final, and expired on July 30, 2011. Scott failed to file the present § 2254 Petition until February 27, 2014, nearly two and a half years after the expiration of the limitations period. Thus, the statute of limitations bars the § 2254 Petition unless Scott demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or equitable tolling. Scott suggests his circumstances require equitable tolling.

D. **Equitable Tolling**

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[9] Id. at 2562 (quoting Pace, 544 U.S.

---

of action accrues. Code § 8.01-654(A)(2). [Scott's] cause of action accrued on [October 3, 2008] when the circuit court entered the order under which [Scott] is currently detained." Brooks v. Dir. of Dep't of Corr., 727 S.E.2d 650, 651 (Va. 2012).

[9] Thus, a petitioner must show a causal connection between the extraordinary circumstance and the delay. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (requiring a petitioner to demonstrate that "extraordinary circumstances beyond [petitioner's] control prevented him from complying with the statutory time limit.").

8

at 418). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)). As explained below, the Court need not engage in an extensive equitable tolling analysis because Scott fails to demonstrate that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his § 2254 Petition before the expiration of the limitation period on July 29, 2011.

### 1. Scott's Argument For Equitable Tolling

Scott's equitable tolling argument pertains entirely to the period of time after the federal limitation period had expired. Scott claims that his habeas counsel's failure to file an appeal of the Circuit Court's August 5, 2011 denial of his habeas petition entitles him to equitable tolling. Scott argues that counsel promised she would file an appeal, but did not "and did not inform him once the deadline has passed. Instead, she deflected his attention to the possibility of a re-sentencing . . . or to the possibility . . . of clemency from the Governor of Virginia through her political 'contacts.'"

9

(§ 2254 Pet. 15.) Scott argues that counsel's "deflection and mischaracterization of the circumstances of his case lasted at least through the end of 2012." (Id. (citations omitted).) Scott also cites to the initial suspension of counsel's bar license in November 2012, her failure to tell him of her initial suspension, her failure to provide him with a case file, and the ultimate revocation of her license on May 17, 2013, to support his purported entitlement to equitable tolling until "at least May 17, 2014."[10] (Id. at 15-15A.) Thus, Scott argues that the limitations period should be tolled between August 5, 2011 and the filing of his § 2254 Petition.

### 2. No Entitlement To Equitable Tolling

Scott fails to demonstrate any entitlement to equitable tolling based on counsel's malfeasance beginning after August 5, 2011, because the statute of limitations had already expired on July 30, 2011. See Engel v. Clarke, No. 3:12cv856, 2014 WL 2157616, at *6 (E.D. Va. May 23, 2014) (citations omitted); cf. Deville v. Johnson, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (explaining that no period to toll existed when the federal limitations period had already expired (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000))). Moreover, Scott provides no argument or any specific

---

[10] The Court fails to discern why Scott argues that the limitation period should be equitably tolled until May 17, 2014, as Scott filed his § 2254 Petition on February 27, 2014.

facts demonstrating his entitlement to equitable tolling prior to the expiration of the limitation period.

Scott has not alleged any facts which could possibly constitute extraordinary circumstances prior to August 5, 2011. Cf. United States v. Williams, No. 3:07cr123, 2011 WL 6842991, at *3 (E.D. Va. Dec. 29, 2011) (finding no extraordinary circumstances or due diligence when no specific facts alleged for the relevant time period). Scott also makes no showing that he acted with requisite diligence. Scott has not provided any specific facts relating to his efforts to pursue his § 2254 Petition during the one-year period from the date his probation revocation became final on July 29, 2010 and the expiration of the limitation period July 29, 2011.[11] Cf. id. at *3; Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with

---

[11] Between the period of July 29, 2010 and the retention of state habeas counsel and filing of his state habeas petition by retained counsel on April 29, 2011, Scott provides no facts demonstrating that he diligently pursued either his state or federal habeas rights or an extraordinary circumstance prevented him from filing a § 2254 petition. See Palacios v. Stephens, 723 F.3d 600, 607-08 (5th Cir. 2013) ("weigh[ing] heavily" in its finding that petitioner failed to exercise reasonable diligence, the fact that petitioner waited seven months into the federal limitations period to retain counsel for a state habeas petition).

reasonable diligence, could have filed on time notwithstanding the circumstances.") Because Scott fails to demonstrate any meritorious grounds for equitable tolling, the statute of limitations bars the action.

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 4) will be granted. The § 2254 Petition will be denied and the action will be dismissed. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Scott is entitled to further consideration in this matter. A COA will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 25, 2014